# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| GLENDA BARKER and CORNELIA GUTHERY, | ) ) ) | |
| | ) | Case No. 4:07cv00667-AGF |
| Plaintiffs, | ) ) | JURY TRIAL DEMANDED |
| | ) | ON ALL COUNTS |
| v. | ) | |
| | ) | |
| MERCK & CO., INC., PFIZER, INC., PHARMACIA CORPORATION, and G.D. SEARLE, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MERCK & CO., INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, and presents the following Answer and Defenses to Plaintiffs' Complaint ("Complaint") as follows:

For the paragraphs numbered 1-3 of the Complaint, to the extent that these allegations are directed at Merck, Merck hereby responds as follows. To the extent that the allegations in paragraphs 1-4 of the Complaint are directed at another party and not at Merck, no response is required and to the extent that it is deemed that a response is required from Merck, denies each and every allegation.

1.    As to the allegations in paragraph 1 of the Complaint not directed toward Merck, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of said allegations. Denies each and every allegation contained in paragraph 1 of the Complaint except admits that plaintiffs purport to seek personal injury and economic damages but denies that there is any legal or factual basis for such relief.

2.     As to the allegations in paragraph 2 of the Complaint not directed toward Merck, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of said allegations.  As to the allegations in paragraph 2 of the Complaint directed toward Merck, Merck denies each and every allegation in said paragraph.

3.     As to the allegations in paragraph 3 of the Complaint not directed toward Merck, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of said allegations.  As to the allegations in paragraph 3 of the Complaint directed toward Merck, Merck denies each and every allegation in said paragraph.

<u>**RESPONSE TO "JURISDICTION AND VENUE"**</u>

For the paragraphs numbered 4-5 of the Complaint, to the extent that these allegations are directed at Merck, Merck hereby responds as follows.  To the extent that the allegations in paragraphs 4-5 of the Complaint are directed at another party and not at Merck, no response is required and to the extent that it is deemed that a response is required from Merck, denies each and every allegation.

4.     As to the allegations in paragraph 4 of the Complaint directed toward Merck, Merck states that the allegations in paragraph 4 contain legal conclusions to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation in said paragraph.

5.     As to the allegations in paragraph 5 of the Complaint directed toward Merck, Merck states that the allegations in paragraph 5 contain legal conclusions to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation in said paragraph.

## RESPONSE TO "PARTIES – VIOXX"

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

7.      Denies each and every allegation set forth in paragraph 7 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint.

## RESPONSE TO "FACTUAL BACKGROUND - VIOXX"

9.      Denies each and every allegation contained in paragraph 9 of the Complaint except avers that Vioxx is the trade name for rofecoxib, a prescription medicine manufactured by Merck that is a selective cyclooxygenase-2 ("COX-2") inhibiter which was approved by the United States Food and Drug Administration ("FDA") as safe and effective for certain indicated uses in a manner consistent with the information in the FDA-approved prescribing information. Merck further avers that the COX enzyme produces arachidonic acid, that prostaglandins are derived from arachidonic acid and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

10.      Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Vioxx's mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

11.    Denies each and every allegation in paragraph 11 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

12.    Denies each and every allegation in paragraph 12 of the Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text

13.    Denies each and every allegation contained in paragraph 13 of the Complaint except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that plaintiffs purport to quote portions of prescribing information for Vioxx, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

16.    Denies each and every allegation contained in the first sentence of paragraph 16 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.   Denies each and every allegation contained in the second sentence of paragraph 16 of the Complaint except admits that Merck

scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Denies each and every allegation contained in the third sentence of paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of  confirmed, clinically important upper gastrointestinal events than naproxen.  Merck respectfully refers the Court to the referenced study for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint except admits that the studies referenced in sentence one of paragraph 18 and the article referenced in sentence two of paragraph 18 exist, and respectfully refers the Court to said publications for their actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to the referenced publication for its actual language and full text.

21.     Denies each and every allegation set forth in paragraph 21 of the Complaint except admits that the referenced publication and article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

22.     Denies each and every allegation set forth in the first two sentences of paragraph 22 of the Complaint except admits that the referenced journals and articles contained therein exist, and the plaintiffs purport to quote from the same and respectfully refers the Court to said studies for their actual language and full text.  Denies each and every allegation contained in the

third sentence of paragraph 22 of the Complaint except admits that the referenced journal and article exist and respectfully refers the Court to said article for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text and that plaintiffs purport to quote the referenced label and respectfully refers the court to the referenced quote for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

29.     Denies each and every allegation set forth in paragraph 29 of the Complaint except admits that the referenced Patient Information sheet exists and respectfully refers the court to the referenced Patient Information sheet for its actual language and full text.

30.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that it filed documents in or about January 2001 with the Securities and Exchange Commission and respectfully refers the Court to said documents for their actual language and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation set forth in the first sentence of paragraph 36 of the Complaint.  Denies each and every allegation set forth in the second sentence of paragraph 36 of the Complaint.

37.     Denies each and every allegation in paragraph 37 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.   Merck further avers that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX 2).

38.     Denies each and every allegation contained in paragraph 38 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and that Vioxx is the brand name for rofecoxib.  Merck further admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products, including Vioxx, to improve human health.

## RESPONSE TO "COUNT I-STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN - AGAINST MERCK"

39.     With respect to the allegations contained in paragraph 39 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in

the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

40.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 40 of the Complaint and demands strict proof thereof and in the alternative denies same except avers that Vioxx was manufactured, marketed and distributed by Merck until Merck's voluntary worldwide withdrawal of Vioxx on September 30, 2004.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in the first and third sentences of paragraph 43 of the Complaint and demands strict proof thereof and in the alternative denies same. Denies each and every allegation contained in second sentence of paragraph 43.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

## RESPONSE TO "COUNT II-STRICT PRODUCTS LIABILITY/FAILURE TO WARN--AGAINST MERCK"

46.     With respect to the allegations contained in paragraph 46 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

### RESPONSE TO "COUNT III – NEGLIGENT DESIGN – AGAINST MERCK"

54. With respect to the allegations contained in paragraph 54 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

55. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 55 of the Complaint and demands strict proof thereof and in the alternative denies same except avers that Vioxx was manufactured, marketed and distributed by Merck until Merck's voluntary worldwide withdrawal of Vioxx on September 30, 2004.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

58. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in the first and third sentences of paragraph 58 of the Complaint and demands strict proof thereof and in the alternative denies same. Denies each and every allegation contained in second sentence of paragraph 58.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Complaint.

61. Denies each and every allegation contained in paragraph 61 of the Complaint.

## RESPONSE TO "COUNT IV – NEGLIGENCE, FAILURE TO WARN – AGAINST DEFENDANT MERCK"

62.     With respect to the allegations contained in paragraph 62 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

63.     The allegations contained in paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

64.     Denies each and every allegation contained in paragraph 64, including subparts (a)-(e), of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

## RESPONSE TO "COUNT V – NEGLIGENT MISREPRESENTATION – AGAINST DEFENDANT MERCK"

67.     With respect to the allegations contained in paragraph 67 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

## RESPONSE TO "COUNT VI – FRAUDULENT OMISSION/CONCEALMENT – DEFENDANT MERCK"

75.     With respect to the allegations contained in paragraph 75 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

83.     The allegations contained in paragraph 83 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

## RESPONSE TO "COUNT VII- BREACH OF IMPLIED WARRANTY- VIOXX"

88.     With respect to the allegations contained in paragraph 88 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in

the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

89.    The allegations contained in paragraph 89 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

90.    Denies each and every allegation contained in paragraph 90 of the Complaint.

91.    Denies each and every allegation contained in paragraph 91 of the Complaint.

92.    Denies each and every allegation contained in paragraph 92 of the Complaint.

93.    Denies each and every allegation contained in paragraph 93 of the Complaint.

### RESPONSE TO "COUNT VIII – BREACH OF EXPRESS WARRANTY- VIOXX"

94.    With respect to the allegations contained in paragraph 94 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

95.    The allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

96.    Denies each and every allegation contained in paragraph 96, including subparagraphs (a)-(e), of the Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx and, until the voluntary withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

2590440                                            13

97.     Denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint.

## RESPONSE TO "PARTIES – BEXTRA"

The allegations in the improperly numbered paragraphs 88-92 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the improperly numbered paragraphs 88-92 be deemed to be directed at Merck in whole or part**,** Merck denies each and every allegation in said paragraphs.

## RESPONSE TO "BACKGROUND - BEXTRA"

The allegations in the improperly numbered paragraphs 93-96 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the improperly numbered paragraphs 93-96 be deemed to be directed at Merck in whole or part**,** Merck denies each and every allegation in said paragraphs.

## RESPONSE TO "COUNT IX - STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN"

The allegations in the improperly numbered paragraphs 97-104 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the improperly numbered paragraphs 97-104 be deemed to be directed at Merck in whole or part**,** Merck denies each and every allegation in said paragraphs.

## RESPONSE TO "COUNT X - STRICT PRODUCTS LIABILITY/FAILURE TO WARN"

The allegations in the improperly numbered paragraphs 105-114 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the

improperly numbered paragraphs 105-114 be deemed to be directed at Merck in whole or part, Merck denies each and every allegation in said paragraphs.

### RESPONSE TO "COUNT XI: NEGLIGENT DESIGN"

The allegations in the improperly numbered paragraphs 115-122 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the improperly numbered paragraphs 115-122 be deemed to be directed at Merck in whole or part, Merck denies each and every allegation in said paragraphs.

### RESPONSE TO "COUNT XII: NEGLIGENT FAILURE TO WARN"

The allegations in the improperly numbered paragraphs 123-127 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the improperly numbered paragraphs 123-127 be deemed to be directed at Merck in whole or part, Merck denies each and every allegation in said paragraphs.

### RESPONSE TO "COUNT XIII: FRAUDULENT CONCEALMENT"

The allegations in the improperly numbered paragraphs 128-140 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the improperly numbered paragraphs 128-140 be deemed to be directed at Merck in whole or part, Merck denies each and every allegation in said paragraphs.

### RESPONSE TO "COUNT XIV: COMMON LAW FRAUD"

The allegations in the improperly numbered paragraphs 141-146 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the improperly numbered paragraphs 141-146 be deemed to be directed at Merck in whole or part, Merck denies each and every allegation in said paragraphs.

### RESPONSE TO "COUNT XV: BREACH OF IMPLIED WARRANTY"

The allegations in the improperly numbered paragraphs 147-152 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the improperly numbered paragraphs 147-152 be deemed to be directed at Merck in whole or part, Merck denies each and every allegation in said paragraphs.

### RESPONSE TO "COUNT XVI: BREACH OF EXPRESS WARRANTY"

The allegations in the improperly numbered paragraphs 153-158 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the improperly numbered paragraphs 153-158 be deemed to be directed at Merck in whole or part, Merck denies each and every allegation in said paragraphs.

### RESPONSE TO "COUNT XVII: NEGLIGENT MISREPRESENTATION"

The allegations in the improperly numbered paragraphs 159-167 are not directed toward Merck and therefore no responsive pleading is required.  Should any of the allegations in the improperly numbered paragraphs 159-167 be deemed to be directed at Merck in whole or part, Merck denies each and every allegation in said paragraphs.  As for the unnumbered prayer for relief under paragraph 167, including sub-paragraphs (A)-(E), no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief, including sub-paragraphs (A)-(E).

### JURY DEMAND

Merck hereby requests a trial by jury.

### DEFENSES

For its defenses to plaintiffs' Complaint, Defendant Merck & Co., Inc. states as follows:

**AS FOR A FIRST DEFENSE,**
**MERCK ALLEGES:**

1.      Each and every claim asserted or raised in the Complaint is barred by the

applicable statutes of limitations and is otherwise untimely.

**AS FOR A SECOND DEFENSE,**
**MERCK ALLEGES:**

2.      The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD DEFENSE,**
**MERCK ALLEGES:**

3.      The claims of the plaintiffs may be barred, in whole or in part, from recovery

because they have made statements or taken actions that preclude them from asserting claims or

constitute a waiver of his claims.

**AS FOR A FOURTH DEFENSE,**
**MERCK ALLEGES:**

4.      The claims of the plaintiffs may be barred, in whole or in part, from recovery

because of the res judicata effect of prior judgments.

**AS FOR A FIFTH DEFENSE,**
**MERCK ALLEGES:**

5.      Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH DEFENSE,**
**MERCK ALLEGES:**

6.      If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries or losses were cause in whole or in part through the

operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH DEFENSE,**
**MERCK ALLEGES:**

7.     To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH DEFENSE,**
**MERCK ALLEGES:**

8.     To the extent that plaintiffs assert claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR A NINTH DEFENSE,**
**MERCK ALLEGES:**

9.     Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

**AS FOR A TENTH DEFENSE,**
**MERCK ALLEGES:**

10.     If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

**AS FOR A ELEVENTH DEFENSE,**
**MERCK ALLEGES:**

11.     Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

**AS FOR A TWELFTH DEFENSE,**
**MERCK ALLEGES:**

12.     If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR AN THIRTEENTH DEFENSE,**
**MERCK ALLEGES:**

13.     If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A FOURTEENTH DEFENSE,**
**MERCK ALLEGES:**

14.     If plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' misuse or abuse of Vioxx.

**AS FOR A FIFTEENTH DEFENSE,**
**MERCK ALLEGES:**

15.     If plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A SIXTEENTH DEFENSE,
## MERCK ALLEGES:

16.     To the extent plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH DEFENSE,
## MERCK ALLEGES:

17.     To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR AN EIGHTEENTH DEFENSE,
## MERCK ALLEGES:

18.     Plaintiffs' claims of fraud are barred by reason of plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

## AS FOR A NINETEENTH DEFENSE,
## MERCK ALLEGES:

19.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTIETH DEFENSE,
## MERCK ALLEGES:

20.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

**AS FOR A TWENTY-FIRST DEFENSE,
<u>MERCK ALLEGES:</u>**

21.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR A TWENTY-SECOND DEFENSE,
<u>MERCK ALLEGES:</u>**

22.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

**AS FOR A TWENTY- THIRD DEFENSE,
<u>MERCK ALLEGES:</u>**

23.     This case is more appropriately brought in a different venue.

**AS FOR A TWENTY- FOURTH DEFENSE,
<u>MERCK ALLEGES:</u>**

24.     Venue in this case is improper.

**AS FOR A TWENTY- FIFTH DEFENSE,
<u>MERCK ALLEGES:</u>**

25.     The claims of plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

**AS FOR A TWENTY- SIXTH DEFENSE,
<u>MERCK ALLEGES:</u>**

26.     The claims of plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

**AS FOR A TWENTY- SEVENTH DEFENSE,**
**MERCK ALLEGES:**

27.     The claims of plaintiffs may be barred, in whole or in part, from recovery by

release as to their claims.

**AS FOR A TWENTY- EIGHTH DEFENSE,**
**MERCK ALLEGES:**

28.     The claims of plaintiffs may be barred, in whole and in part, pursuant to the

doctrine of accord and satisfaction.

**AS FOR A TWENTY-NINTH DEFENSE,**
**MERCK ALLEGES:**

29.     The claims of plaintiffs may be barred, in whole and in part, by the doctrine of

laches.

**AS FOR A THIRTIETH DEFENSE,**
**MERCK ALLEGES:**

30.     The claims of plaintiffs are barred, in whole or in part, by their failure to mitigate

damages.

**AS FOR A THIRTY-FIRST DEFENSE,**
**MERCK ALLEGES:**

31.     To the extent there were any risks associated with the use of the product which is

the subject matter of this action that Merck knew or should have known and which gave rise to a

duty to warn, Merck at all times discharged such duty through appropriate and adequate

warnings in accordance with federal and governing state laws.

**AS FOR A THIRTY-SECOND DEFENSE,**
**MERCK ALLEGES:**

32.     The claims of plaintiffs may be time-barred, in whole or in part, under applicable

statutes of limitations or statutes of repose.

**AS FOR A THIRTY-THIRD DEFENSE,**
**MERCK ALLEGES:**

33.    The claims of plaintiffs may be barred, in whole or in part, from recovery, due to

spoliation of evidence.

**AS FOR A THIRTY-FOURTH DEFENSE,**
**MERCK ALLEGES:**

34.    The claims of plaintiffs may be barred, in whole or in part, by the governing state

laws.

**AS FOR A THIRTY-FIFTH DEFENSE,**
**MERCK ALLEGES:**

35.    Any conduct allegedly causing liability on the part of Merck is not a substantial

cause or factor of any potential or actual injury or damage, if any.

**AS FOR A THIRTY-SIXTH DEFENSE,**
**MERCK ALLEGES:**

36.    Plaintiffs have not sustained any injury or damages compensable at law.

**AS FOR A THIRTY-SEVENTH DEFENSE,**
**MERCK ALLEGES:**

37.    Merck reserves its right to dismiss the Complaint and seek further relief for

plaintiffs' failure to provide it with due process of law.

**AS FOR A THIRTY-EIGHTH DEFENSE,**
**MERCK ALLEGES:**

38.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A

of the Restatement (Second) of Torts.

**AS FOR A THIRTY-NINTH DEFENSE,**
**MERCK ALLEGES:**

39.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate

"directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation

plaintiff's decedent alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A FORTIETH DEFENSE,
### MERCK ALLEGES:

40.      Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A FORTY-FIRST DEFENSE,
### MERCK ALLEGES:

41.      Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A FORTY-SECOND DEFENSE,
### MERCK ALLEGES:

42.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### AS FOR A FORTY-THIRD DEFENSE,
### MERCK ALLEGES:

43.      If plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused, in whole or in part, by operation of nature or an act of God.

**AS FOR A FORTY-FOURTH DEFENSE,
<u>MERCK ALLEGES</u>:**

44.     If plaintiffs sustained the injuries or incurred the expenses alleged, the same were caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

**AS FOR A FORTY-FIFTH DEFENSE,
<u>MERCK ALLEGES</u>:**

45.     The injuries and damages alleged in plaintiffs' Complaint were the result of unavoidable circumstances that could not have been prevented by anyone, including Merck.

**AS FOR A FORTY-SIXTH DEFENSE,
<u>MERCK ALLEGES</u>:**

46.     The benefits of the product or products at issue outweigh the risks, if any, which may be attendant to their use.

**AS FOR A FORTY-SEVENTH DEFENSE,
<u>MERCK ALLEGES</u>:**

47.     Merck has complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services, and the product or products at issue were approved pursuant to the applicable statutes and regulations.  Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber.  The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration.  Therefore, plaintiffs' claims are preempted.

### AS FOR A FORTY-EIGHTH DEFENSE,
### MERCK ALLEGES:

48.     The extent of any risk associated with the use of Merck's product, the existence of

which is not admitted, was, at the time of the distribution of the product by Merck, unknown and

could not have been known by the use of ordinary care by Merck.

### AS FOR A FORTY-NINTH DEFENSE,
### MERCK ALLEGES:

49.     Merck made no express or implied representations or warranties of any kind to

plaintiffs, nor did plaintiffs rely on any representations or warranties made by Merck.  To the

extent plaintiffs relied upon any representations or warranties, such reliance was unjustified.

### AS FOR A FIFTIETH DEFENSE,
### MERCK ALLEGES:

50.     Merck did not breach any duty of care to plaintiffs.

### AS FOR A FIFTY-FIRST DEFENSE,
### MERCK ALLEGES:

51.     Plaintiffs have failed to join all necessary and indispensable parties.

### AS FOR A FIFTY-SECOND DEFENSE,
### MERCK ALLEGES:

52.     Merck did not violate any state or federal statute, regulation or ordinance to cause

plaintiffs' alleged injuries.

### AS FOR A FIFTY-THIRD DEFENSE,
### MERCK ALLEGES:

53.     A plaintiff who experienced no manifestation of the alleged defect has no claim

against defendant upon which relief may be granted.

**AS FOR A FIFTY-FOURTH DEFENSE,**
**MERCK ALLEGES:**

54.     To the extent that plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

**AS FOR FIFTY-FIFTH DEFENSE,**
**MERCK ALLEGES:**

55.     To the extent that plaintiffs seek punitive damages for an alleged act or omission

of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and,

therefore, any award of punitive damages is barred.

**AS FOR A FIFTY-SIXTH DEFENSE,**
**MERCK ALLEGES:**

56.     Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling

was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §

301.

**AS FOR A FIFTY-SEVENTH DEFENSE,**
**MERCK ALLEGES:**

57.     Plaintiffs fail to allege facts from which it can reasonably inferred to the level of

clear and convincing proof that defendant acted with complete indifference to or conscious

disregard for the safety of others.

**AS FOR A FIFTY-EIGHTH DEFENSE,**
**MERCK ALLEGES:**

58.     Plaintiffs should not be afforded the right to a jury trial on his claim for punitive

damages.

## AS FOR A FIFTY-NINTH DEFENSE,
### MERCK ALLEGES:

59.     Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

## AS FOR A SIXTIETH DEFENSE,
### MERCK ALLEGES:

60.     Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## AS FOR A SIXTY-FIRST DEFENSE,
### MERCK ALLEGES:

61.     A finding of liability under current Missouri law and procedure would violate defendant's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

> a.     Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.
>
>> i.     This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

      ii.      Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

      iii.     This also denies defendant any meaningful review by the trial court of the submissibility of plaintiffs' claims as to certain defects, and

      iv.     This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which plaintiffs do not have substantial evidence, a defect never claimed by plaintiffs' experts or a defect never mentioned in the evidence at the trial.

    b.     Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

    c.     Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

**AS FOR A SIXTY-SECOND DEFENSE,**
**MERCK ALLEGES:**

62.      Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto*

laws to the extent that it permits the jury to consider any conduct or omission by the defendant

which occurred before the passage of that statute.

**AS FOR A SIXTY-THIRD DEFENSE,**
**MERCK ALLEGES:**

63.      Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award

for the State of Missouri, making the award of punitive damages a fine imposed and collected by

the State, both facially and as applied, violates the double jeopardy clauses of the 5th

Amendment of the United States Constitution and Article I, Section 19 of the Missouri

Constitution, because it allows multiple punitive damage awards for the same conduct.

**AS FOR A SIXTY-FOURTH DEFENSE,**
**MERCK ALLEGES:**

64.      Missouri, by virtue of Section 537.675, which requires half of any punitive

damage award to be paid to the State of Missouri, has made every award of punitive damages a

criminal fine without adequate guidelines giving notice as to the conduct or state of mind that

could result in a punitive damage award and as to the procedures for imposing punitive damages,

including without limitation, a failure to require a unanimous jury to award punitive damages.

**AS FOR A SIXTY-FIFTH DEFENSE,**
**MERCK ALLEGES:**

65.      Missouri standards for finding a defendant liable for punitive damages are so

vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth

Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri

Constitution, because it permits the imposition of a state fine without the defendant ever being

told the nature and cause of the offense with which the defendant was charged.

### AS FOR A SIXTY-SIXTH DEFENSE,
### MERCK ALLEGES:

66.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a

jury the authority to set fines.

### AS FOR A SIXTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

67.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a

less than unanimous jury to impose the criminal penalty of punitive damages and permits

verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of

nine jurors to impose and set the amount of punitive damages, which group is different from the

group of nine that originally found the prerequisite liability for compensatory damages, so that

no group of nine may have agreed on the entire verdict upon which judgment is entered.

### AS FOR A SIXTY-EIGHTH DEFENSE,
### MERCK ALLEGES:

68.    Missouri's scheme for punitive damages, including without limitation, the

Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate,

both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to

the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the

Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I,

Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

2590440                                        31

a.  Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

b.  Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

c.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

d.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

e.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

f.  Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

g.  Missouri law allows multiple punitive damage awards for the same conduct;

h.  Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

i.  Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.  Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.  Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.  Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly on the basis of economic status bearing no relationship to the incident, the damages sustained by the plaintiffs, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m. Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.  Missouri law allows an award of punitive damages to be based

entirely on conduct occurring outside the state of Missouri; and

o.  Missouri law allows a less than unanimous jury to impose the

penalty of punitive damages and allows one group of nine jurors to

find the prerequisite liability for compensatory damages and

another group of nine to impose and set the amount of punitive

damages, so that no group of nine jurors agrees on the verdict upon

which judgment is entered.

**AS FOR A SIXTY-NINTH DEFENSE,
MERCK ALLEGES:**

69.    Missouri law requiring proof of punitive damages by clear and convincing evidence

violates the due process clauses of the Fifth and Fourteenth Amendments of the United States

Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts

to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675 has

criminalized punitive damages, so that a charge of punitive damages should be proven beyond a

reasonable doubt to a unanimous jury.

**AS FOR A SEVENTIETH DEFENSE,
MERCK ALLEGES:**

70.    The correct standard for submitting the burden of proof for exemplary and/or

punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the

Due Process Clause of the Fourteenth Amendment of the United States Constitution and the

Missouri Constitution.

**AS FOR A SEVENTY-FIRST DEFENSE,
MERCK ALLEGES:**

71.   Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution.

**AS FOR A SEVENTY-SECOND DEFENSE,
MERCK ALLEGES:**

72.   Each and every claim asserted or raised in the Complaint is barred by the statute of limitations in Mo. Rev. Stat. 516.120 and is otherwise untimely.

**AS FOR A SEVENTY-THIRD DEFENSE,
MERCK ALLEGES:**

73.   Plaintiffs' fraud claim is barred by reason of plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Mo. R. Civ. P. 55.15.

**AS FOR A SEVENTY-FOURTH DEFENSE,
MERCK ALLEGES:**

74.   Merck's fault, if any, must be compared to the fault of Plaintiffs and others pursuant to Mo. Rev. Stat. 537.765 and the principles of comparative fault announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

**AS FOR A SEVENTY-FIFTH DEFENSE,
MERCK ALLEGES:**

75.   To the extent that Plaintiffs seek economic losses as a result of purchasing Vioxx, such claims are barred under Missouri law because a buyer of allegedly defective goods cannot recover in tort for economic losses.

**AS FOR A SEVENTY-SIXTH DEFENSE,
MERCK ALLEGES:**

76.   Plaintiffs' claims are not suitable for joinder.

**AS FOR A SEVENTY-SEVENTH DEFENSE,
MERCK ALLEGES:**

77.   If plaintiffs have sustained injuries or losses as alleged in the Complaint, such

injuries or losses were caused in whole or in part by the contributory negligence of the allegedly

injured plaintiffs.

**AS FOR A SEVENTY-EIGHTH DEFENSE,
MERCK ALLEGES:**

78.   To the extent that plaintiffs rely upon any theory of breach of warranty, such claims

are also barred for lack of timely notice of breach and/or lack of privity and/or because the

alleged warranties were disclaimed.

**AS FOR A SEVENTY-NINTH DEFENSE,
MERCK ALLEGES:**

79.   Plaintiffs' claims for negligence per se are barred on the grounds that such claims

are not cognizable against Merck in this action.

**AS FOR AN EIGHTIETH DEFENSE,
MERCK ALLEGES:**

80.   To the extent Plaintiffs seek to recover only economic loss in tort, their claims are

barred by the economic loss doctrine.

**AS FOR AN EIGHTY-FIRST DEFENSE,
MERCK ALLEGES:**

81.   Merck incorporates any applicable affirmative defense or other defense asserted by

any other defendant in this action.  Merck will rely on all defenses that may become available

during discovery or trial.

## AS FOR AN EIGHTY-SECOND DEFENSE,
## MERCK ALLEGES:

82.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, Plaintiffs'

claims for damages for such injuries or losses are barred to the extent they were proximately

caused by Plaintiffs' use of Vioxx which was contrary to the express and adequate instructions or

warnings delivered with the product.

## AS FOR AN EIGHTY-THIRD DEFENSE,
## MERCK ALLEGES:

83.    There is no safer, practical or technically feasible, or otherwise reasonable

alternative design or formulation that would have reduced the alleged risk without substantially

impairing the usefulness, practicality, desirability, or reasonably anticipated and intended

function of Vioxx.

## AS FOR AN EIGHTY-FOURTH DEFENSE,
## MERCK ALLEGES:

84.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such

injuries or losses were caused in whole or in part by the contributory negligence of Plaintiffs or

the negligence of third parties over whom Merck had no control.

## AS FOR AN EIGHTY-FIFTH DEFENSE,
## MERCK ALLEGES:

85.    One or more of Plaintiffs' claims are barred due to lack of standing.

## AS FOR AN EIGHTY-SIXTH DEFENSE,
## MERCK ALLEGES:

86.    If Plaintiffs have sustained injuries or losses as alleged in the Petition, such injuries

or losses were not directly caused by any alleged defect in the product which is subject matter of

the Complaint.

## AS FOR AN EIGHTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

87.    Each and every claim asserted or raised in the Complaint is barred by the applicable statutes of limitations and is otherwise untimely for reasons including, but not limited to, the expiration of the statutes of limitations as to any claim asserted after September 29, 2006, two years after the voluntary worldwide withdrawal of Vioxx.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Merck & Co., Inc. respectfully requests that plaintiffs take nothing in this suit, that it recover its costs of court and expenses and such other relief to which it may show itself justly entitled.

Respectfully submitted,

BRYAN CAVE LLP

By:____/s/ Randy J. Soriano_____
Dan H. Ball  E.D. Mo. # 2555
Robert T. Ebert, Jr. E.D. Mo. # 3035
Stephen G. Strauss E.D. Mo. # 84402
Randy J. Soriano E.D. Mo. # 117408
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

*Attorneys for Merck & Co., Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 27, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

_____/s/ Randy J. Soriano_____