# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **GLENDA BARKER and CORNELIA GUTHERY,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:07-cv-0667-AGF |
| **MERCK & CO. INC., PFIZER INC., PHARMACIA CORPORATION, and G.D. SEARLE LLC,** | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) ) ) | |

## DEFENDANTS PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Pfizer Inc., ("Pfizer"), Pharmacia Corporation, and G.D. Searle LLC ("Searle") (collectively referred to herein as "the Answering Defendants"), for their Answer to plaintiffs' Complaint ("plaintiffs' Complaint"), state as follows:

1. The Answering Defendants admit that plaintiffs brought this civil action seeking monetary damages, but deny that plaintiff is entitled to any relief or damages. The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of plaintiffs' Complaint regarding plaintiff's alleged use of Celebrex®, Bextra®, or Vioxx® and therefore deny the same. The Answering Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 1 that pertain to other defendants and therefore deny same. The Answering Defendants deny the remaining allegations of paragraph 1 of plaintiffs' Complaint.

2.     The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 regarding plaintiff's alleged use of Bextra® or Vioxx® and citizenship and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 2 of plaintiffs' Complaint.

3.     The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 regarding plaintiff's alleged use of Bextra® or Vioxx® and citizenship and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 3 of plaintiffs' Complaint.

## JURISDICTION AND VENUE

4.     The Answering Defendants admit that this Court has jurisdiction because based on diversity and because the amount in controversy exceeds $75,000 for each plaintiff's claim, but Answering Defendants deny that plaintiffs are entitled to any relief.

5.     The Answering Defendants state that the allegations in paragraph 5 of plaintiffs' Complaint are legal conclusions to which no response is required.  To the extent a response is required, the Answering Defendants deny the allegations in paragraph 5 of plaintiffs' Complaint.

## PARTIES – VIOXX

6.     The allegations contained in paragraph 6 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required.  Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of plaintiff's Complaint, and therefore deny the same, except that Answering Defendants admit that Merck is a New Jersey corporation.  The Answering Defendants deny all remaining allegations in paragraph 6 of plaintiffs' Complaint.

7.     The allegations contained in paragraph 7 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of plaintiff's Complaint, and therefore deny the same.

8.     The allegations contained in paragraph 8 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of plaintiff's Complaint, and therefore deny the same.

## FACTUAL BACKGROUND - VIOXX

9.     The allegations contained in paragraph 9 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of plaintiff's Complaint, and therefore deny the same.

10.     The allegations contained in paragraph 10 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of plaintiff's Complaint, and therefore deny the same except the Answering Defendants admit that COX-2 inhibitors are non-steroidal anti-inflammatory drugs and that Vioxx® is a prescription medication manufactured by Merck that is a selective COX-2 inhibitor.

2440006v1

11.     The allegations contained in paragraph 11 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of plaintiff's Complaint, and therefore deny the same.

12.     The allegations contained in paragraph 12 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of plaintiff's Complaint, and therefore deny the same.

13.     The allegations contained in paragraph 13 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of plaintiff's Complaint, and therefore deny the same.

14.     The allegations contained in paragraph 14 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of plaintiff's Complaint, and therefore deny the same.

15.     The allegations contained in paragraph 15 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or

2440006v1

information sufficient to form a belief as to the truth of the allegations in paragraph 15 of plaintiff's Complaint, and therefore deny the same.

16.      The allegations contained in paragraph 16 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of plaintiff's Complaint, and therefore deny the same.

17.      The allegations contained in paragraph 17 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of plaintiff's Complaint, and therefore deny the same.

18.      The allegations contained in paragraph 18 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of plaintiff's Complaint, and therefore deny the same.

19.      The allegations contained in paragraph 19 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of plaintiff's Complaint, and therefore deny the same,

20.     The allegations contained in paragraph 20 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of plaintiff's Complaint, and therefore deny the same.

21.     The allegations contained in paragraph 21 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of plaintiff's Complaint, and therefore deny the same.

22.     The allegations contained in paragraph 22 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of plaintiff's Complaint, and therefore deny the same.

23.     The allegations contained in paragraph 23 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of plaintiff's Complaint, and therefore deny the same.

24.     The allegations contained in paragraph 24 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or

2440006v1

information sufficient to form a belief as to the truth of the allegations in paragraph 24 of plaintiff's Complaint, and therefore deny the same.

25.     The allegations contained in paragraph 25 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of plaintiff's Complaint, and therefore deny the same.

26.     The allegations contained in paragraph 26 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of plaintiff's Complaint, and therefore deny the same.

27.     The allegations contained in paragraph 27 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of plaintiff's Complaint, and therefore deny the same.

28.     The allegations contained in paragraph 28 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of plaintiff's Complaint, and therefore deny the same.

2440006v1

29.     The allegations contained in paragraph 29 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of plaintiff's Complaint, and therefore deny the same.

30.     The allegations contained in paragraph 30 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of plaintiff's Complaint, and therefore deny the same.

31.     The allegations contained in paragraph 31 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of plaintiff's Complaint, and therefore deny the same.

32.     The allegations contained in paragraph 32 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of plaintiff's Complaint, and therefore deny the same.

33.     The allegations contained in paragraph 33 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or

2440006v1

information sufficient to form a belief as to the truth of the allegations in paragraph 33 of plaintiff's Complaint, and therefore deny the same.

34.     The allegations contained in paragraph 34 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of plaintiff's Complaint, and therefore deny the same.

35.     The allegations contained in paragraph 35 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of plaintiff's Complaint, and therefore deny the same.

36.     The allegations contained in paragraph 36 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of plaintiff's Complaint, and therefore deny the same.

37.     The allegations contained in paragraph 37 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of plaintiff's Complaint, and therefore deny the same.

38.     The allegations contained in paragraph 38 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of plaintiff's Complaint, and therefore deny the same.

## COUNT I

39.     The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

40.     The allegations contained in paragraph 40 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of plaintiff's Complaint, and therefore deny the same.

41.     The allegations contained in paragraph 41 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of plaintiff's Complaint, and therefore deny the same.

42.     The allegations contained in paragraph 42 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of plaintiff's Complaint, and therefore deny the same.

2440006v1

43.     The allegations contained in paragraph 43 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of plaintiff's Complaint, and therefore deny the same.

44.     The allegations contained in paragraph 44 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of plaintiff's Complaint, and therefore deny the same.

45.     The allegations contained in paragraph 45 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of plaintiff's Complaint, and therefore deny the same.

## COUNT II

46.     The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

47.     The allegations contained in paragraph 47 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of plaintiff's Complaint, and therefore deny the same.

2440006v1

48.     The allegations contained in paragraph 48 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of plaintiff's Complaint, and therefore deny the same.

49.     The allegations contained in paragraph 49 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of plaintiff's Complaint, and therefore deny the same.

50.     The allegations contained in paragraph 50 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of plaintiff's Complaint, and therefore deny the same.

51.     The allegations contained in paragraph 51 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of plaintiff's Complaint, and therefore deny the same.

52.     The allegations contained in paragraph 52 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or

2440006v1

information sufficient to form a belief as to the truth of the allegations in paragraph 52 of plaintiff's Complaint, and therefore deny the same.

53.     The allegations contained in paragraph 53 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of plaintiff's Complaint, and therefore deny the same.

## COUNT III

54.     The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

55.     The allegations contained in paragraph 55 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of plaintiff's Complaint, and therefore deny the same.

56.     The allegations contained in paragraph 56 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of plaintiff's Complaint, and therefore deny the same.

57.     The allegations contained in paragraph 57 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 57 of plaintiff's Complaint, and therefore deny the same.

58.    The allegations contained in paragraph 58 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of plaintiff's Complaint, and therefore deny the same.

59.    The allegations contained in paragraph 59 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of plaintiff's Complaint, and therefore deny the same.

60.    The allegations contained in paragraph 60 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of plaintiff's Complaint, and therefore deny the same.

61.    The allegations contained in paragraph 61 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of plaintiff's Complaint, and therefore deny the same.

**COUNT IV**

62.     The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

63.     The allegations contained in paragraph 63 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of plaintiff's Complaint, and therefore deny the same.

64.     The allegations contained in paragraph 64 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of plaintiff's Complaint, and therefore deny the same, including all sub-parts.

65.     The allegations contained in paragraph 65 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of plaintiff's Complaint, and therefore deny the same.

66.     The allegations contained in paragraph 66 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of plaintiff's Complaint, and therefore deny the same.

## COUNT V

67.    The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

68.    The allegations contained in paragraph 68 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of plaintiff's Complaint, and therefore deny the same.

69.    The allegations contained in paragraph 69 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of plaintiff's Complaint, and therefore deny the same.

70.    The allegations contained in paragraph 70 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of plaintiff's Complaint, and therefore deny the same.

71.    The allegations contained in paragraph 71 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of plaintiff's Complaint, and therefore deny the same.

2440006v1

72.     The allegations contained in paragraph 72 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of plaintiff's Complaint, and therefore deny the same.

73.     The allegations contained in paragraph 73 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of plaintiff's Complaint, and therefore deny the same.

74.     The allegations contained in paragraph 74 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of plaintiff's Complaint, and therefore deny the same.

## COUNT VI

75.     The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

76.     The allegations contained in paragraph 76 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of plaintiff's Complaint, and therefore deny the same.

2440006v1

77.     The allegations contained in paragraph 77 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of plaintiff's Complaint, and therefore deny the same.

78.     The allegations contained in paragraph 78 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of plaintiff's Complaint, and therefore deny the same.

79.     The allegations contained in paragraph 79 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of plaintiff's Complaint, and therefore deny the same.

80.     The allegations contained in paragraph 80 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of plaintiff's Complaint, and therefore deny the same.

81.     The allegations contained in paragraph 81 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or

2440006v1

information sufficient to form a belief as to the truth of the allegations in paragraph 81 of plaintiff's Complaint, and therefore deny the same.

82.     The allegations contained in paragraph 82 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of plaintiff's Complaint, and therefore deny the same.

83.     The allegations contained in paragraph 83 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of plaintiff's Complaint, and therefore deny the same.

84.     The allegations contained in paragraph 84 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of plaintiff's Complaint, and therefore deny the same.

85.     The allegations contained in paragraph 85 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of plaintiff's Complaint, and therefore deny the same.

86.     The allegations contained in paragraph 86 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of plaintiff's Complaint, and therefore deny the same.

87.     The allegations contained in paragraph 87 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of plaintiff's Complaint, and therefore deny the same.

## COUNT VII

88.     The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

89.     The allegations contained in paragraph 89 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of plaintiff's Complaint, and therefore deny the same.

90.     The allegations contained in paragraph 90 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of plaintiff's Complaint, and therefore deny the same.

91.     The allegations contained in paragraph 91 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of plaintiff's Complaint, and therefore deny the same.

92.     The allegations contained in paragraph 92 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of plaintiff's Complaint, and therefore deny the same.

93.     The allegations contained in paragraph 93 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of plaintiff's Complaint, and therefore deny the same.

## COUNT VIII

94.     The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

95.     The allegations contained in paragraph 95 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of plaintiff's Complaint, and therefore deny the same

96.     The allegations contained in paragraph 96 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of plaintiff's Complaint, including all sub-parts, and therefore deny the same.

97.     The allegations contained in paragraph 97 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of plaintiff's Complaint, and therefore deny the same.

98.     The allegations contained in paragraph 98 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of plaintiff's Complaint, and therefore deny the same.

99.     The allegations contained in paragraph 99 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of plaintiff's Complaint, and therefore deny the same.

100.    The allegations contained in paragraph 100 of plaintiff's Complaint are not directed toward the Answering Defendants, and, therefore, no responsive pleading is required. Should a response be deemed required, the Answering Defendants are without knowledge or

2440006v1

information sufficient to form a belief as to the truth of the allegations in paragraph 100 of plaintiff's Complaint, and therefore deny the same.

## PARTIES BEXTRA

101.    [Improperly number paragraph 88]  The Answering Defendants admit that Pfizer is a Delaware corporation and that it is registered to do business in Missouri.  The Answering Defendants admit that Pfizer has marketed Bextra® as a prescription drug for the indications set forth in the approved package insert and as permitted by law.  The Answering Defendants deny all remaining allegations in paragraph 101 of plaintiffs' Complaint.

102.    [Improperly number paragraph 89]  The Answering Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois that is registered to do business in Missouri.  The Answering Defendants admit that, during certain periods of time, Bextra® was manufactured for Searle and the during certain periods of time, Searle marketed and distributed Bextra®.   The Answering Defendants deny all remaining allegations in paragraph 102 of plaintiffs' Complaint.

103.    [Improperly number paragraph 90]  The Answering Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey and that Pharmacia is registered to do business in Missouri.  The Answering Defendants admit that, during certain periods of time, Pharmacia marketed Bextra®.  The Answering Defendants deny all remaining allegations in paragraph 103 of plaintiffs' Complaint.

104.    [Improperly number paragraph 91]  The Answering Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  The Answering Defendants further admit that Pfizer has

2440006v1

marketed Bextra® as a prescription drug for the indications set forth in the approved package insert and as permitted by law.  The Answering Defendants further admit that, during certain periods of time, Bextra® was manufactured for Searle and the during certain periods of time, Searle marketed and distributed Bextra®.  The Answering Defendants further admit that, during certain periods of time, Pharmacia marketed Bextra®.  The Answering Defendants deny all remaining allegations in paragraph 104 of plaintiffs' Complaint.

105.    [Improperly number paragraph 92]  The Answering Defendants deny the allegations in paragraph 105 of plaintiffs' Complaint.

## BACKGROUND BEXTRA

106.    [Improperly number paragraph 93]  The Answering Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  The Answering Defendants further admit that Pfizer has marketed Bextra® as a prescription drug for the indications set forth in the approved package insert and as permitted by law.  The Answering Defendants further admit that, during certain periods of time, Bextra® was manufactured for Searle and the during certain periods of time, Searle marketed and distributed Bextra®.  The Answering Defendants further admit that, during certain periods of time, Pharmacia marketed Bextra®.  The Answering Defendants deny all remaining allegations in paragraph 106 of plaintiffs' Complaint.

107.    [Improperly number paragraph 94]  The Answering Defendants admit that plaintiff brought this civil action seeking monetary damages, but deny that plaintiff is entitled to any relief or damages.  The Answering Defendants deny the remaining allegations of paragraph 107 of plaintiffs' Complaint.

108.    [Improperly number paragraph 95]  The Answering Defendants deny the allegations in paragraph 108 of plaintiffs' Complaint.

109.    [Improperly number paragraph 96]  The Answering Defendants admit that Pfizer has marketed Bextra® as a prescription drug for the indications set forth in the approved package insert and as permitted by law.  The Answering Defendants further admit that, during certain periods of time, Bextra® was manufactured for Searle and the during certain periods of time, Searle marketed and distributed Bextra®.  The Answering Defendants further admit that, during certain periods of time, Pharmacia marketed Bextra®.  The Answering Defendants deny all remaining allegations in paragraph 109 of plaintiffs' Complaint.

## COUNT IX

110.    [Improperly number paragraph 97]    The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

111.    [Improperly number paragraph 98]  The Answering Defendants admit that Pfizer has marketed Bextra® as a prescription drug for the indications set forth in the approved package insert and as permitted by law.  The Answering Defendants further admit that, during certain periods of time, Bextra® was manufactured for Searle and the during certain periods of time, Searle marketed and distributed Bextra®.  The Answering Defendants further admit that, during certain periods of time, Pharmacia marketed Bextra®.  The Answering Defendants deny all remaining allegations in paragraph 111 of plaintiffs' Complaint.

112.    [Improperly number paragraph 99]  The Answering Defendants deny the allegations in paragraph 112 of plaintiffs' Complaint.

113.    [Improperly number paragraph 100]  The Answering Defendants deny the allegations in paragraph 113 of plaintiffs' Complaint.

114.    [Improperly number paragraph 101]   The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of plaintiffs' Complaint regarding plaintiffs' alleged use of Bextra® and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 114 of plaintiffs' Complaint.

115.    [Improperly number paragraph 102]   The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of plaintiffs' Complaint regarding plaintiffs' alleged use of Bextra® and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 115 of plaintiffs' Complaint.

116.    [Improperly number paragraph 103]  The Answering Defendants deny the allegations in paragraph 116 of plaintiffs' Complaint.

117.    [Improperly number paragraph 104]  The Answering Defendants deny the allegations in paragraph 117 of plaintiffs' Complaint.

## COUNT X

118.    [Improperly number paragraph 105]   The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

119.    [Improperly number paragraph 106]  The Answering Defendants deny the allegations in paragraph 119 of plaintiffs' Complaint.

120.    [Improperly number paragraph 107]  The Answering Defendants deny the allegations in paragraph 120 of plaintiffs' Complaint.

121.    [Improperly number paragraph 108]  The Answering Defendants deny the allegations in paragraph 121 of plaintiffs' Complaint.

122.    [Improperly number paragraph 109]  The Answering Defendants deny the allegations in paragraph 122 of plaintiffs' Complaint.

123.    [Improperly number paragraph 110]  The Answering Defendants deny the allegations in paragraph 123 of plaintiffs' Complaint.

124.    [Improperly number paragraph 111]  The Answering Defendants deny the allegations in paragraph 124 of plaintiffs' Complaint.

125.    [Improperly number paragraph 112]   The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of plaintiffs' Complaint regarding plaintiffs' alleged use of Bextra® and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 125 of plaintiffs' Complaint.

126.    [Improperly number paragraph 113]  The Answering Defendants deny the allegations in paragraph 126 of plaintiffs' Complaint.

127.    [Improperly number paragraph 114]  The Answering Defendants deny the allegations in paragraph 127 of plaintiffs' Complaint.

## COUNT XI

128.    [Improperly number paragraph 115]    The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

129.    [Improperly number paragraph 116]  The Answering Defendants admit that Pfizer has marketed Bextra® as a prescription drug for the indications set forth in the approved package insert and as permitted by law.  The Answering Defendants further admit that, during certain periods of time, Bextra® was manufactured for Searle and the during certain periods of time, Searle marketed and distributed Bextra®.  The Answering Defendants further

27

admit that, during certain periods of time, Pharmacia marketed Bextra®. The Answering Defendants deny all remaining allegations in paragraph 129 of plaintiffs' Complaint.

130.    [Improperly number paragraph 117]  The Answering Defendants deny the allegations in paragraph 130 of plaintiffs' Complaint.

131.    [Improperly number paragraph 118]  The Answering Defendants deny the allegations in paragraph 131 of plaintiffs' Complaint.

132.    [Improperly number paragraph 119]  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of plaintiffs' Complaint regarding plaintiffs' alleged use of Bextra® and therefore deny the same. The Answering Defendants deny the remaining allegations in paragraph 132 of plaintiffs' Complaint.

133.    [Improperly number paragraph 120]  The Answering Defendants deny the allegations in paragraph 133 of plaintiffs' Complaint.

134.    [Improperly number paragraph 121]  The Answering Defendants deny the allegations in paragraph 134 of plaintiffs' Complaint.

135.    [Improperly number paragraph 122]  The Answering Defendants deny the allegations in paragraph 135 of plaintiffs' Complaint.

## COUNT XII

136.    [Improperly number paragraph 123]   The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

137.    [Improperly number paragraph 124]  The Answering Defendants state that paragraph 137 of plaintiffs' Complaint contains legal conclusions, to which no response is required. To the extent a response is required, the Answering Defendants admit that they had

duties as are imposed by law. The Answering Defendants deny all remaining allegations in paragraph 137 of plaintiffs' Complaint.

138. [Improperly number paragraph 125] The Answering Defendants deny the allegations in paragraph 138 of plaintiffs' Complaint, including all sub-parts.

139. [Improperly number paragraph 126] The Answering Defendants deny the allegations in paragraph 139 of plaintiffs' Complaint.

140. [Improperly number paragraph 127] The Answering Defendants deny the allegations in paragraph 140 of plaintiffs' Complaint.

<u>**COUNT XIII**</u>

141. [Improperly number paragraph 128]   The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

142. [Improperly number paragraph 129] The Answering Defendants deny the allegations in paragraph 142 of plaintiffs' Complaint.

143. [Improperly number paragraph 130] The Answering Defendants deny the allegations in paragraph 143 of plaintiffs' Complaint.

144. [Improperly number paragraph 131] The Answering Defendants deny the allegations in paragraph 144 of plaintiffs' Complaint.

145. [Improperly number paragraph 132] The Answering Defendants deny the allegations in paragraph 145 of plaintiffs' Complaint.

146. [Improperly number paragraph 133] The Answering Defendants state that paragraph 146 of plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants admit that they had duties as are imposed by law. The Answering Defendants deny all remaining allegations in paragraph 146 of plaintiffs' Complaint.

147.     [Improperly number paragraph 134] The Answering Defendants deny the allegations in paragraph 147 of plaintiffs' Complaint.

148.     [Improperly number paragraph 135]  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of plaintiffs' Complaint and therefore deny the same.

149.     [Improperly number paragraph 136]  The Answering Defendants deny the allegations in paragraph 149 of plaintiffs' Complaint.

150.     [Improperly number paragraph 137]  The Answering Defendants deny the allegations in paragraph 150 of plaintiffs' Complaint.

151.     [Improperly number paragraph 138]  The Answering Defendants deny the allegations in paragraph 151 of plaintiffs' Complaint.

152.     [Improperly number paragraph 139]  The Answering Defendants deny the allegations in paragraph 152 of plaintiffs' Complaint.

153.     [Improperly number paragraph 140]  The Answering Defendants deny the allegations in paragraph 153 of plaintiffs' Complaint.

## COUNT XIV

154.     [Improperly number paragraph 141]   The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

155.     [Improperly number paragraph 142]  The Answering Defendants deny the allegations in paragraph 155 of plaintiffs' Complaint.

156.     [Improperly number paragraph 143]  The Answering Defendants deny the allegations in paragraph 156 of plaintiffs' Complaint.

157.     [Improperly number paragraph 144]   The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 157 of plaintiffs' Complaint regarding plaintiff and/or his physician and therefore deny the same. The Answering Defendants deny all remaining allegations in paragraph 157 of plaintiffs' Complaint.

158.    [Improperly number paragraph 145] The Answering Defendants deny the allegations in paragraph 158 of plaintiffs' Complaint.

159.    [Improperly number paragraph 146] The Answering Defendants deny the allegations in paragraph 159 of plaintiffs' Complaint.

## COUNT XV

160.    [Improperly number paragraph 147]    The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

161.    [Improperly number paragraph 148] The Answering Defendants state the allegations in paragraph 161 of plaintiffs' Complaint state legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny the allegations in paragraph 161 of plaintiffs' Complaint.

162.    [Improperly number paragraph 149] The Answering Defendants deny the allegations in paragraph 162 of plaintiffs' Complaint.

163.    [Improperly number paragraph 150] The Answering Defendants deny the allegations in paragraph 163 of plaintiffs' Complaint.

164.    [Improperly number paragraph 151] The Answering Defendants deny the allegations in paragraph 164 of plaintiffs' Complaint.

165.    [Improperly number paragraph 152] The Answering Defendants deny the allegations in paragraph 165 of plaintiffs' Complaint.

## COUNT XVI

166.    [Improperly number paragraph 153]    The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

167.    [Improperly number paragraph 154]  The Answering Defendants state that the allegations in paragraph 167 of plaintiffs' Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Answering Defendants deny the allegations in paragraph 167 of plaintiffs' Complaint, including all sub-parts.

168.    [Improperly number paragraph 155]    The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 of plaintiffs' Complaint regarding plaintiffs' alleged use of Bextra® and therefore deny same.  The Answering Defendants deny all remaining allegations in paragraph 168 of plaintiffs' Complaint.

169.    [Improperly number paragraph 156]  The Answering Defendants deny the allegations in paragraph 169 of plaintiffs' Complaint.

170.    [Improperly number paragraph 157]  The Answering Defendants deny the allegations in paragraph 170 of plaintiffs' Complaint.

171.    [Improperly number paragraph 158]  The Answering Defendants deny the allegations in paragraph 171 of plaintiffs' Complaint.

## COUNT XVII

172.    [Improperly number paragraph 159]    The Answering Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

173.    [Improperly number paragraph 160]  The Answering Defendants deny the allegations in paragraph 173 of plaintiffs' Complaint.

174.    [Improperly number paragraph 161]  The Answering Defendants deny the allegations in paragraph 174 of plaintiffs' Complaint.

175.   [Improperly number paragraph 162]  The Answering Defendants deny the allegations in paragraph 175 of plaintiffs' Complaint.

176.   [Improperly number paragraph 163]  The Answering Defendants deny the allegations in paragraph 176 of plaintiffs' Complaint, including its subparts.

177.   [Improperly number paragraph 164]  The Answering Defendants deny the allegations in paragraph 177 of plaintiffs' Complaint.

178.   [Improperly number paragraph 165]  The Answering Defendants deny the allegations in paragraph 178 of plaintiffs' Complaint.

179.   [Improperly number paragraph 166]  The Answering Defendants deny the allegations in paragraph 179 of plaintiffs' Complaint.

180.   [Improperly number paragraph 167]  The Answering Defendants deny the allegations in paragraph 180 of plaintiffs' Complaint.

The Answering Defendants admit that plaintiffs seek the relief requested in the "WHEREFORE" paragraph following paragraph 180, but specifically deny that plaintiffs are entitled to any relief.

WHEREFORE, the Answering Defendants request that plaintiffs' Complaint for Damages, and all claims alleged therein, be dismissed with prejudice, that the Answering Defendants be awarded the costs, disbursements and attorneys' fees incurred in the defense of this action, and that the Answering Defendants be granted any other relief to which they may be entitled.

## GENERAL DENIAL

The Answering Defendants deny all allegations and/or legal conclusions set forth in plaintiffs' Complaint that have not been previously admitted, denied, or explained.

2440006v1

## PREAMBLE TO AFFIRMATIVE DEFENSES

The Answering Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

## AFFIRMATIVE AND OTHER DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    This action is barred, in whole or in part, because the FDA has exclusive or primary jurisdiction over the matters asserted in plaintiffs' Complaint.

3.    The claims asserted in plaintiffs' Complaint are preempted, in whole or in part, by federal law under the Supremacy Clause of the United States Constitution.

4.    The claims asserted in plaintiffs' Complaint are barred, in whole or in part, because plaintiffs lack standing and/or capacity to bring such claims.

5.    The claims asserted in plaintiffs' Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of the Answering Defendants' conduct.

6.    Because Bextra® is a prescription drug, the claims asserted in plaintiffs' Complaint are barred, in whole or in part, by the learned intermediary doctrine.

7.    The claims asserted in plaintiffs' Complaint are barred, in whole or in part, because the product was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was marketed with adequate and sufficient warnings.

8.    The claims asserted in plaintiffs' Complaint are barred, in whole or in part, by the economic loss doctrine.

9.    The claims asserted in plaintiffs' Complaint are barred, in whole or in part, because plaintiffs have suffered no injury.

10.     The claims asserted in plaintiffs' Complaint are barred, in whole or in part, by the applicable statute(s) of limitations and/or repose.

11.     The claims asserted in plaintiffs' Complaint are barred, in whole or in part, by plaintiffs' failure to mitigate damages.

12.     The claims asserted in plaintiffs' Complaint are barred because the utility of Bextra® outweighs the alleged risks.

13.     The claims asserted in plaintiffs' Complaint are barred because Bextra® was designed, tested, manufactured, and labeled in accordance with state-of-the-art and industry standards existing at the time of sale.

14.     The claims asserted in plaintiffs' Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

15.     The claims asserted in plaintiffs' Complaint are barred because plaintiffs lack privity with the Defendant.

16.     The methods, standards, and techniques utilized with respect to the manufacture, testing, design, and marketing of Bextra®, if any, used in this case, including adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was designed, tested, manufactured, and marketed.

17.     The claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the product was not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

18.     The claims asserted in plaintiffs' Complaint are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

19.     The claims must be dismissed because plaintiffs would have taken the product even if the product labeling contained the information that plaintiffs contend should have been provided.

20.     The Answering Defendants state that the prescription drug Bextra® complied with the then-applicable product safety regulations promulgated by the FDA. Compliance with such regulations demonstrates that the Defendant exercised due care in the provision of this prescription drug, and that it was neither defective nor unreasonably dangerous.

21.     The claims asserted in plaintiffs' Complaint are barred, in whole or in part, because plaintiffs have not suffered an injury or a significantly increased risk of contracting a serious latent disease or injury as a result of Bextra® use.

22.     The claims asserted in plaintiffs' Complaint are barred, in whole or in part, because plaintiffs lack an adequate scientific basis to demonstrate any resulting harm or increased risk of future harm as a result of Bextra® use.

23.     To the extent the claims asserted in plaintiffs' Complaint are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution and analogous provisions of the applicable state's constitution.

24.     Losses, if any, to plaintiffs are subject to an offset for benefits received by plaintiff resulting from any alleged use of Bextra®.

25.     If plaintiffs sustained any damages as alleged, said damages were directly and proximately caused by the negligence or fault of the parties other than the Answering Defendants, whether named or unnamed in plaintiffs' Complaint, over whom the Answering Defendants had no supervision or control and for whose actions and omissions the Answering Defendants has no legal responsibility.  Plaintiffs' recovery, if any, should therefore be apportioned in accordance with the applicable law.

26.     The damages claimed by plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of the Answering Defendants was not the proximate and/or competent producing cause of such alleged damages.

27.     If plaintiffs sustained any damages as alleged, such damages arose from, and were caused by, risks, hazards and dangers knowingly assumed by plaintiffs.  Plaintiffs' recovery accordingly is barred or should be reduced by plaintiffs' assumption of the risk.

28.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

29.     The Answering Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by plaintiffs with any other defendant or other person or entity.

30.     Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

31.     The claims asserted in plaintiffs' Complaint are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comments j & k.

2440006v1

32.     This Court should abstain from adjudicating plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

33.     Plaintiffs' claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.*, the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

34.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention, in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

35.     The claims asserted in plaintiffs' Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in plaintiffs' Complaint.

36.     The claims asserted in plaintiffs' Complaint are barred, in whole or in part, because the product is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying the product.  Accordingly, plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

2440006v1

37.     The claims asserted in plaintiffs' Complaint are barred as a matter of law pursuant to Restatement (Third) of Torts: Product Liability § 4, *et seq.*, because Bextra® complied with applicable product safety statutes and administrative regulations.

38.     The claims asserted in plaintiffs' Complaint are barred as a matter of law pursuant to Restatement (Third) of Torts: Product Liability §§ 6(c) and 6(d) as reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Bextra® would have prescribed and did prescribe Bextra® for plaintiffs and the Answering Defendants provided reasonable instructions and/or warnings to prescribing physicians.

39.     Plaintiffs' claims are barred in whole or in part because the product "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

40.     Plaintiffs' alleged injuries and damages, if any, were caused by the acts or omissions of plaintiffs, and/or by the fault of them as specified in Mo. Rev. Stat. § 537.765, and thus any recovery might be reduced accordingly or eliminated altogether.

41.     Plaintiffs' claims are barred by the limitations and defenses set out in the Missouri Product Liability Act, Mo. Rev. Stat. § 537. 760 *et seq.*, including but not limited to, the "state of the art" defenses as defined in Mo. Rev. Stat. § 537.764.  Defendants incorporate by reference all defenses and/or limitations set forth or referenced in the Missouri Product Liability Act.

42.     The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive damages, and any award of punitive damages in this case would violated the due process clause of the Fourteenth Amendment to the United States Constitution and similar provisions of the Constitution, law, and public policy of Missouri.

2440006v1

43.     The Answering Defendants deny that they are liable for any damages in this case.  The Answering Defendants contend, however, that any damage award to plaintiffs that utilizes the Missouri joint and several liability scheme would be unconstitutional, as this scheme is violative of the Answering Defendants' due process and equal protection guarantees under the United States and Missouri Constitutions.  The Missouri joint and several liability scheme, under Mo. Rev. Stat. § 537.067, violates the Answering Defendants' due process guarantees because no legitimate state interest supports § 537.067, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Missouri joint and several liability scheme.  Additionally, the Missouri system of assessing joint and several liability violates the Answering Defendants' equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law.  The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Missouri Constitutions.  Thus, the scheme is unconstitutional and should not be applied in this action.

44.     The imposition of punitive damages violates the Due Process and Equal Protection provisions of U.S. Const. Amend. XIV; to wit, these Defendants have not been given fair notice of the standard of conduct which could subject them to a claim for punitive damages, and have not been given fair notice of the amount of punitive damages that may accompany a finding of liability.

45.     Plaintiffs' claims for punitive damages violate these Defendants' rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment of the Constitution of the United States of America.

2440006v1

46.     Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court including, but not limited to: *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

WHEREFORE, the Answering Defendants request that plaintiffs' Complaint, and all claims alleged therein, be dismissed with prejudice, that the Answering Defendants be awarded the costs, disbursements and attorneys' fees incurred in the defense of this action, and that the Answering Defendants be granted any other relief to which they may be entitled.

## JURY DEMAND

The Answering Defendants demand a trial by jury as to all issues so triable.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

   /s/  Jon A. Strongman_____

Harvey L. Kaplan, E.D. Bar #18126
Scott W. Sayler, E.D. Bar #31977
Jon A. Strongman, E.D. Bar #118013

2555 Grand Blvd.
Kansas City, Missouri  64108
(816) 474-6550
Fax: (816) 421-554

**ATTORNEYS FOR DEFENDANTS
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of April, 2007, a true and correct copy of the

foregoing document was served by via the Court's electronic notification system and U.S. Mail

upon:

Jeffrey J. Lowe
Francis J. ("Casey") Flynn
8235 Forsyth, Ste. 1100
St. Louis, Missouri 63105
(314) 678-3400
FAX: (314) 678-3401

John Carey
Joseph P. Danis
CAREY & DANIS, LLC
8235 Forsyth Blvd., Ste. 1100
St. Louis, Missouri 63105
(314) 725-7700
FAX: (314) 721-0905

Charles Lampin
Kell Lampin LLC
4700 Mexican Road
St. Peters, MO 63376
636-498-4000

T. Evan Schaeffer
Andrea B. Lamere
SCHAEFFER & LAMERE, P.C.
5512 Godfrey Road
Highway 67, Ste. B
Godfrey, Illinois 62035
(618) 467-8200

Evan Buxner
Walther Glenn Law Offices
1034 S. Brentwood Blvd., Ste. 1300
St. Louis, Missouri 63117
(314) 725-9595
FAX: (314) 725-9597

ATTORNEYS FOR PLAINTIFFS

Dan H. Ball
Robert T. Ebert, Jr.
Stephen G. Strauss
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750

ATTORNEYS FOR MERCK & CO., INC.

/s/ Jon A. Strongman
Attorney for Defendants Pfizer Inc., Pharmacia
Corporation and G.D. Searle LLC

2440006v1